UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, : | |
|     Prosecution : | |
| : | Case No. 3:12-cr-264 (VLB) |
| v. : | |
| : | April 16, 2013 |
| SANDRA COTE, : | |
| Defendant : | |
| : | |

**RULING DENYING DEFENDANT'S MOTION TO STRIKE/DISMISS INDICTMENT [DOC. 4], MOTION TO DISMISS/QUASH INDICTMENT [DOC. 20], MOTION FOR BILL OF PARTICULARS [DOC. 21], MOTION FOR DISCOVERY/BRADY MATERIALS [DOC. 22], AND AMENDED MOTION FOR DISCOVERY/BRADY MATERIALS [DOC 23]**

**Before the Court are the defendant's five motions in which she denies jurisdiction of the Court to adjudicate the Government's criminal charges as levied against her in the indictment, asserts that discovery has not been produced by the Government, and alleges that her due process rights have been violated. [Doc. 4, 21, 22 & 23]. The remedy she seeks is dismissal of the Government's case. The Government responded to these motions on February 5, 2013 and argues that this Court should adopt the approach of the Fifth Circuit and deny the defendant's motions without "refut[ing] these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."** *Crain v. C.I.R.,* **737 F.2d 1417 (5th Cir. 1984) (affirming the district court's rejection of pro se tax defier's challenge to jurisdiction and claim by the IRS). On February 12, 2013, the Defendant responded with an Opposition to Government's Consolidated Opposition to**

1

**Defendant's Motions by reviving her arguments. [Doc. 30]. For the following reasons, the defendant's motions are DENIED.**

**Background**

On December 18, a Grand Jury sitting in New Haven found probable cause to believe that Sandra Cote violated federal law by conspiring to defraud the United States and evading income taxes and returned a five-count indictment charging co-defendant's John and Sandra Cote with tax evasion and conspiracy to commit tax evasion as delineated below. The background of the indictment alleges that the married defendants are both residents of Connecticut and Florida, that John was a consultant of four companies in the high technology welding industry and that he was compensated by these companies for the work he did, that such payments were taxable income by the IRS, that the IRS attempted to collect unpaid taxes for 1995, 1996 and 1997, that John created a nominee entity to receive payments from two of his consulting jobs and that Sandra also created a nominee entity through which John received payments.

The Indictment specifically alleges that Sandra Cote did not file timely and accurate tax returns for the 1995 through 2009 tax years and obstructed and impeded the IRS from collecting taxes she owed by among other things submitting sham financial instruments to the Department of Treasury in purported satisfaction of their tax liability. It further alleges that in 2003 she created a nominee entity that her husband John Cote used to receive income and evade taxation. It is further alleged that Sandra Cote withdrew cash from the

nominee account to pay her personal, her husband's and their household expenses.  Count One charges her with conspiracy in violation of 18 U.S.C. §371, to prevent the IRS from accurately determining the amount of tax due and owing from John Cote and collecting John Cote's unpaid income taxes.  Counts Two through Five all allege tax evasion in violation of 26 U.S.C. §7201.  Moreover, the indictment alleges that for almost twenty years, the defendant denied an income in order to receive payments they were not entitled to, sent harassing letters to government officials when the IRS attempted to reclaim the erroneously transferred funds, that they transferred income through nominee entities to avoid detection and they advantaged offshore accounts to access income and avoid taxation.

**Jurisdiction**

The district courts of the United States "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.  The United States Constitution gives Congress "the power to lay and collect taxes, duties, imposts and excises," U.S. Const. art. I, § 8, cl. 1, including "taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration," U.S. Const. amend. XVI.  The Constitution further gives Congress the power "to make all laws which shall be necessary and proper for carrying into execution" its powers, U.S. Const. art. I, § 8, cl. 18, including the power to criminalize tax evasion and obstruction of the Government's efforts to recover

erroneously-issued tax refunds.  In this case, the Government alleges in the Indictment that the object of the defendant's actions was to evade or defeat federal taxes, in violation of 18 U.S.C. §287 and 26 U.S.C. §7212(a).  Congress has authority to enact the statute relevant to this case.  Thus, this Court has jurisdiction over this criminal case.

The obligation to file a tax return and pay income tax applies to "[a]ny <u>person</u> required to . . . pay any estimated tax or tax" under Title 26 of the United States Code. 26 U.S.C. § 7203 (emphasis added). Relevant here, Title 26 defines "[t]he term 'person' . . . to include an individual," 26 U.S.C. § 7701(a)(1). Accordingly, since the defendant is an individual who the Indictment alleges receives income, the filing requirement plainly applies to her.[1]  The Court also notes that the Indictment alleges and Sandra Cote does not deny that she did file tax returns with the IRS.

The Second Circuit has already squarely affirmed this logic in *United States v. Drachenberg*, 623 F.3d 122, 125 (2010) ("Accordingly, since Appellant and O'Connor are individuals, who received income, the filing requirement plainly applies to them regardless of their purported citizenship.").  *See also United States v. Plemons*, 956 F.2d 273 (7th Cir. 1992)(rejecting appellant's argument that he is not a citizen of Indiana or the United States for tax purposes); *United States v. Hansen*, No. 05cv0921-L, 2006 WL 4075446 (S.D.Cal. Dec. 13, 2006)(rejecting defendant's argument that he is not subject to the jurisdiction of the court in a civil action by the government to enjoin him from disseminating materials

---

[1] That the indictment alleges and the defendant does not dispute Connecticut residency is of no consequence to this law.

encouraging his customers to evade tax laws and interfere with the administration and enforcement of the internal revenue laws); *Boehler v. Snow*, No. 06-3036, 2006 WL 1582452 (C.D.Ill. June 6, 2006) (quoting *Sloan*); *United States v. Jungles*, 1995 WL 644046 (October 31, 1995) (finding defendant's claimed lack of jurisdiction without merit); *Bey v. I.R.S.*, 2003 WL 1700293 (M.D.Pa. Feb. 25, 2003) (quoting *United States v. Sloan,* 939 F.2d 499, 499–501 (7th Cir.1991) and noting that the "tax protester" claims in substance have been squarely rejected by many courts).  Consequently, the Court finds that it has both subject matter jurisdiction over this case and personal jurisdiction over the defendant.

Due Process

The Second Circuit has held that due process does not require the government to obtain an administrative determination of a tax deficiency before proceeding to criminal prosecution for tax evasion.  *United States v. Ellett,* 527 F.3d 38, 40–41 (2d Cir.2008) (affirming the conviction for income tax evasion and citing cases).  A tax deficiency arises by operation of law on the date a tax return is due but not filed; no formal demand or assessment is required. *See* 26 U.S.C. § 6151(a) ("[W]hen a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary . . . pay such tax at the time and place fixed for filing the return . . ..").  In this case, the Government alleges that the obligation to pay taxes arose in 1995 when defendant John Cote failed to pay taxes on his income

5

as a consultant. Thus, the Government has presented a valid cause of action in this case.

**Discovery Motions**

The Defendant submits a Brady request, request for any witness' statements or exculpatory evidence, and broad requests for "agent's reports and notes" and other paperwork the Government may or may not have. She does not cite the legal basis for her claim of entitlement to the items sought at this juncture or that she has sought and has been denied disclosure of discovery to which she is now entitled. [Doc. 23]. In response, the Government states that "[t]hese are not discovery requests, but rather a prelude to typical tax-protester arguments that the defendant will undoubtedly make at trial about the legitimacy of the tax laws and the jurisdiction of the federal courts." [Doc. 24] Furthermore, it represents that it has made all disclosures as required by the Court's Standing Order on Discovery. [Doc. 24].

*Brady v. Maryland*, 373 U.S. 83 (1963) requires the disclosure of all materials that could be considered exculpatory or bearing on a defendant's innocence or guilt. The Government's obligations under *Brady* are seemingly well-established. The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. *Id*. at 87. This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness. *See Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *Brady* does not, however,

6

require the prosecution to disclose *all* exculpatory and impeachment material; it need disclose only material "that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley,* 473 U.S. 667, 675 (1985). In the context of *Brady,* a defendant is deprived of a fair trial only where there is a reasonable probability that the government's suppression affected the outcome of the case, *See Id.* at 682, or where the suppressed evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict," *Kyles v. Whitley,* 514 U.S. 419, 435 (1995).

With respect to *when* the prosecution must make a disclosure required by *Brady,* the law is settled as well. *Brady* material must be disclosed in time for its effective use at trial, *see, e.g., Leka v. Portuondo,* 257 F.3d 89, 100 (2d Cir.2001), or at a plea proceeding, *see United States v. Persico,* 164 F.3d 796, 804 (2d Cir.1999); *Tate v. Wood,* 963 F.2d 20, 24 (2d Cir.1992).

The Jencks Act provides for the disclosure of a witness' statements only after they have been called by the Government on direct examination. 18 U.S.C. §3500 provides in relevant part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the

>testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

A statement within the meaning of the Act is defined in the Federal Rules of Criminal Procedure. Rule 26.2 instructs on the production of witness's statements and defines a "statement" in subsection (f):

>"Statement" Defined. As used in this rule, a witness's "statement" means:
>(1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>(2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>(3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Where such material does not meet the definition of a "statement" under the Rules, it is not discoverable under the Act.

Where the defendant makes discovery demands in her Motion for Bill of Particulars [Doc. 21], Motion for Discovery/Brady Request [Doc. 22], and Amended Motion for Discovery/Brady Request [Doc. 23], such assertions are governed by these pretrial procedures. In its response to the first wave of defendant's motions, the Government indicated that it will disclose a CD containing the discovery relevant to the charges the defendant faces along with a password. [Doc. 24] In her second flurry of motions that the Government has yet to respond to, the defendant concedes that she received this discovery on January 30, 2013. [Doc. 27, p.3]. Rather than counter with how any further evidence she seeks is in the possession of the Government and would deprive her of a fair trial or adversely alter the outcome of the trial so as to undermine the confidence in the jury's verdict, she has filed the same motion under slightly

8

altered introduction.  The Court finds that the Government has complied with its duty to disclose.  The Court finds that the remaining cognizable discovery requests with respect to witnesses are either not cognizable or premature under the Act.  For the foregoing reasons, the defendant's motions are DENIED without prejudice to refilling if applicable, at the appropriate time.

In view of the frivolity of the motions filed by the Defendant and her *pro se* status, the Court would be remiss if did not advise Mrs. Cote of the consequence of filing frivolous motions. Rule 11 of the Federal Rules of Civil Procedure provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal *contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law*;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) *the denials of factual contentions are warranted on the evidence or*, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P.11(b) (emphasis added),  Arguments like those asserted in the Defendant's motions which have been universally rejected by other courts are likely frivolous and unlikely to result in the extension, modification or reversal of existing law and may thus subject the filer to sanctions.  *Kropelnicki v. Siegel,*

**290 F.3d 118 (2d Cir. 2002). *(Pl*eading, motion, or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.) Further, Rule 11(c) provides that:**

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

**Fed.R.Civ.P.11(c). Accordingly, prior to filing a motion or other paper with the Court, the Defendant is advised to conduct a legal inquiry of existing law and determine that any contentions made in such filing are warranted by existing law or are not frivolous. Frivolous filings may result in the Court's imposition of sanctions upon the filer under Rule 11.**

                                      **IT IS SO ORDERED.**

                                      _____/s/_____
                                      **Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: April 16, 2013.**